WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Brewer,<br><br>    Plaintiff,<br><br>v.<br><br>Barbara Viallard, et al.,<br><br>    Defendants. | No. CV-17-00223-PHX-ESW<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2). For good cause shown, the Application is granted and Plaintiff is allowed to proceed *in forma pauperis*. The Court, however, must screen the Complaint (Doc. 1) before it is allowed to be served. 28 U.S.C. § 1915(e)(2). As the Ninth Circuit Court of Appeals has explained, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## **I. DISCUSSION**

### **A. Screening an *In Forma Pauperis* Complaint**

Pursuant to 28 U.S.C. §§ 1915(e)(2)(A) and (B), the Court must dismiss a case if the Court determines that (i) the allegation of poverty is untrue; (ii) the action is frivolous or malicious; (iii) the action fails to state a claim on which relief may be

granted; or (iv) if the plaintiff seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." In addition, Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In addition, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences" are not sufficient. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts.").

**B. Analysis**

**1. Plaintiff's Allegations in the Complaint**

In his Complaint, Plaintiff alleges that his child was removed from Plaintiff's custody for a four-month period "under false Pretenses and Allegations made by [Department of Child Safety ("DCS")] employee's [sic] Scott Alexander and Barbara Viallard." (Doc. 1 at 2). Plaintiff states that the case against him was dismissed and his child was returned to him. (*Id.*). However, Plaintiff asserts that "because of the false allegations" made by Defendant Alexander, he and the child's mother decided to separate, "which caused [Plaintiff] to relocate to another state where [he] worked." (*Id.*). But because Plaintiff "was not allowed to leave the state of Arizona with [his] child," Plaintiff "had to relocate back to Arizona causing [him[ to lose [his] financial source of income and home." (*Id.*). Plaintiff states that because he "was told" by case manager Barbara Villard that his son could not return to the home of his son's mother, Plaintiff arranged for his son and himself to stay with his son's grandmother. (*Id.*). Plaintiff "was told" that he could not "stay with [his] son because of space at the residence." (*Id.*). After two months, the DCS "again tried at (another court proceeding) to remove [his] son from [his] care stating that [he] was unstable and unfit and couldn't provide for [his] child." (*Id.*). Plaintiff asserts that "[t]he judge at that time stated that she had dismissed the case and [he] was allowed to take and live wherever [he] choose [sic] to" and that "it was also stated to the department that they had no legal right to do say or act in the manner in which they did after an order was set." (*Id.*).

Plaintiff alleges that he (i) "was subject to slander" by DCS and the Defendant DCS employees; (ii) "became homeless, financially, mentally and emotionally burdened"; (iii) that he and his son "have been traumatized by this entire proceeding"; and (iv) that he and his son's "4th & 14th Amendment rights have been violated." (*Id.* at 3). Plaintiff seeks compensation in the amount of $3,000,000. (*Id.*).

## 2. Failure to Adequately Plead Jurisdictional Basis

Because federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Although the Complaint alleges a violation of Plaintiff's Fourth and Fourteenth Amendment rights, a litigant does not have a cause of action directly under the United States Constitution. *Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution."); *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution). The Court finds that Plaintiff has not adequately alleged a jurisdictional basis in his Complaint. Although it appears that Plaintiff may be seeking to bring an action under 42 U.S.C. § 1983, the Court cannot assume subject-matter jurisdiction. *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 893-95 (9th Cir. 2011) (stating that "[a] federal court cannot assume subject-matter jurisdiction to reach the merits of a case" and explaining that where a district court determines that it does not have subject matter jurisdiction, "it is not possible for the district court" to have dismissed alternatively for failure to state a claim); *Herrera- Castanola v. Holder*, 528 F. App'x 721, 722 (9th Cir. 2013) ("Because we must address whether the district court 'ha[d] jurisdiction before [we] can decide whether a complaint states a claim,' . . . . we first consider whether the district court properly concluded that it lacked subject-matter jurisdiction."). The Court will dismiss without prejudice the Complaint (Doc. 1) for lack of subject-matter jurisdiction.

### 3. Leave to Amend

The Ninth Circuit has instructed that self-represented plaintiffs proceeding in forma pauperis must be "given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (internal quotation marks and citations omitted). The Court will afford Plaintiff an opportunity to amend the Complaint. Aside from the jurisdictional issue, the Complaint contains vague and conclusory allegations that fail to state a claim. If Plaintiff intends to bring an action pursuant to 42 U.S.C. § 1983, below are legal standards governing such actions.

### C. Legal Standards

#### 1. Section 1983 Action Based on Alleged Violation of Constitutional Interest in Care and Custody of One's Child

"'The Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies.'" *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1293 (9th Cir. 2007) (quoting *Mabe v. San Bernadino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001)). In other words, a parent's right to care, custody, and control of his or her children without governmental interference is not absolute. *Burke v. County of Alameda*, 586 F.3d 725, 731 (9th Cir. 2009). A DCS worker may take a child into temporary custody if probable cause exists to believe that the child is in imminent danger of abuse or neglect, or is suffering serious physical or emotional injury diagnosed by a medical doctor or psychologist. ARIZ. REV. STAT. § 8–821(B). Probable cause exists when "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." *Hart v. Parks*, 450 F.3d 1059, 1065-66 (9th Cir. 2006) (internal quotation marks and citation omitted).

To prevail in a 42 U.S.C. § 1983 claim based on an alleged violation of the constitutional interest in the care and custody of one's child, a plaintiff must show that (1)

acts by the defendant (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### 2. Statute of Limitations

As Section 1983 does not have its own statute of limitations, federal courts apply the forum state's limitations period for personal injury actions. *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Federal courts in Section 1983 actions also apply state rules for tolling the limitations period. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Hardin v. Straub*, 490 U.S. 536, 544 (1989). Under Arizona law, there is a two-year statute of limitations for personal injury actions. ARIZ. REV. STAT. § 12-542. The limitations period commences on the date the plaintiff discovers or by the exercise of reasonable diligence should have discovered that he or she had been injured by the defendant's alleged negligent conduct. *Anson v. American Motors Corp.*, 747 P.2d 581, 583 (Ariz. Ct. App. 1987). Under ARIZ. REV. STAT. § 12-502, the statute of limitations is tolled for the period during which a plaintiff was less than 18 years old or of unsound mind. Under Arizona's equitable tolling doctrine, a plaintiff may sue after the statutory time period for filing a complaint has expired if the plaintiff shows that extraordinary circumstances beyond the plaintiff's control made it impossible to timely file the action. *McCloud v. State*, 170 P.3d 691, 696 (Ariz. Ct. App. 2007).

The Complaint fails to identify the dates during which the actions of which Plaintiff complains allegedly took place. If Plaintiff files a First Amended Complaint that concerns events that occurred before January 24, 2015 (two years prior to the date

Plaintiff initiated this action), Plaintiff must include allegations to support that the statute of limitations is subject to tolling.

### 3. Immunity

The Complaint raises claims against DCS and two DCS employees. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, a state is not a "person" for purposes of Section 1983 actions. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). In addition, "arms of the State" are not "persons" under Section 1983. *Id.* (stating that "'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983") (citations omitted); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 678 (9th Cir. 1991) (a "central concern" of determining whether a department is an "arm of the state" is "whether a judgment against the entity named as a defendant would impact the state treasury"). In addition, "social workers have absolute immunity when they make discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from the parents." *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (internal quotation marks and citation omitted). As the Ninth Circuit has explained:

> The social worker must make a quick decision based on perhaps incomplete information as to whether to commence investigations and initiate proceedings against parents who may have abused their children. The social worker's independence, like that of a prosecutor, would be compromised were the social worker constantly in fear that a mistake could result in a time-consuming and financially devastating civil suit.

*Meyers v. Contra Costa Cnty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1987). Social workers, however, "are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury, because such actions aren't

similar to discretionary decisions about whether to prosecute." *Beltran*, 514 F.3d at 908.

To the extent that Plaintiff asserts that the two DCS workers named in the Complaint intentionally provided false information or evidence against him, Plaintiff fails to set forth allegations to support that contention. Plaintiff fails to set forth facts concerning specifically how he was denied due process. Plaintiff makes only vague and conclusory assertions. Although pro se pleadings are liberally construed, conclusory and vague allegations will not support a cause of action. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Ivey*, 673 F.2d at 268.

## II. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction. Within thirty days from the date this Order is issued, Plaintiff may submit a First Amended Complaint to cure the deficiencies outlined herein. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The First Amended Complaint may not incorporate any part of the original Complaint by reference.[1] Plaintiff may include only one claim per count.

**IT IS FURTHER ORDERED** that the First Amended Complaint must comport with Federal and Local Rules of Civil Procedure. In drafting the First Amended

---

[1] A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Complaint, the Plaintiff must include sufficient factual details supporting each claim against each Defendant.

Dated this 20th day of April, 2017.

_____
Eileen S. Willett
United States Magistrate Judge